UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KHADIN KANE,

                     Plaintiff,

-against-

THE CITY OF NEW YORK, DET. RUDY LAHENS,
Shield No. 2065, Individually and in his Official Capacity,
UNDERCOVER OFFICER, No. 113, Individually and in
his/her Official Capacity, and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name
John Doe being fictitious, as the true names are presently
unknown),

                     Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff KHADIN KANE, by his attorney, Robert W. Georges, Esq., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

**VENUE**

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which all the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.      Plaintiff KHADIN KANE is an Asian American male, and at all relevant times a resident of the City and State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned DET. RUDY LAHENS, UNDERCOVER 113 and P.O.s JOHN DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.    On or about April 7, 2014, at approximately 4:02 A.M., plaintiff KHADIN KANE was lawfully present in the vicinity of 7th Avenue South and Christopher Street, in the County of Manhattan and State of New York.

14.    At the aforementioned date and time, Plaintiff was walking toward the #1 MTA Subway train station in order to take the subway back to his home uptown.

15.    Plaintiff was then approached by a male individual who asked if Plaintiff could sell him marijuana.

16.    Plaintiff immediately and without equivocation responded to said individual, NO.

17.    Plaintiff then observed said individual approach another individual and, after a brief conversation, the two individuals exchanged what appeared to Plaintiff to be an amount of U.S. Currency and a small object or objects.

18.    Moments later, Plaintiff was stopped and arrested by defendants.

19.    Plaintiff was placed in handcuffs and his person was searched thoroughly by defendants.

20.     During this search, the defendants did not recover any marijuana, controlled substances, pre-recorded buy money or any other indicia of criminal activity.

21.    Notwithstanding that Plaintiff had not committed any unlawful acts, the defendant officers processed Plaintiff's arrest and charged him with Criminal Sale of Marijuana in the Fourth Degree in violation of Penal Law §221.40.

22.    At the precinct, defendants again searched Plaintiff and did not recover any marijuana, controlled substances, weapons or other contraband.

23.    At no time on April 7, 2014 did the defendants possess the requisite level of probable cause to justify arresting Plaintiff.

24.    As a result of his unlawful arrest, Plaintiff was arraigned in Criminal Court in Manhattan and bail was set.

25.    Plaintiff was unable to make the bail and he was then forced to make multiple court appearances while incarcerated.

26.    Plaintiff remained incarcerated for approximately thirty-six (36) days until the District Attorney's Office moved to dismiss and seal all of the charges against plaintiff on May 13, 2014.

27.    As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

28.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

29.    All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the above paragraphs numbered with the same force and effect as if fully set forth herein.

35.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

36.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

38.     Defendants misrepresented and falsified evidence before the District Attorney.

39.     Defendants did not make a complete and full statement of facts to the District Attorney.

40.     Defendants withheld exculpatory evidence from the District Attorney.

41.     Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

42.     Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

43.     Defendants acted with malice in initiating criminal proceedings against plaintiff.

44.     Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

45.     Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

46.     Defendants acted with malice in continuing criminal proceedings against Plaintiff.

47.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

48.     Specifically, defendants falsely alleged that Plaintiff participated in a sale of marijuana to a police officer.

49.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff KHADIN KANE'S favor on or about May 13, 2014,

when all of the charges against Plaintiff were dismissed.

50.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

52.     Defendants created false evidence against Plaintiff.

53.     Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

54.     Defendants misled the prosecutors by creating false evidence against Plaintiff and thereafter providing false testimony throughout the criminal proceedings.

55.     Specifically, defendants falsely alleged that Plaintiff participated in a sale of marijuana to a police officer.

56.     In creating false evidence against Plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

57.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

59.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

60.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

      i.     arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

      ii.    arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

61.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

62.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

63.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

64.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

65.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

66.    The acts complained of deprived Plaintiff of his rights:

      A.  Not to be deprived of liberty without due process of law;

      B.  To be free from seizure and arrest not based upon probable cause;

      C.  To be free from unlawful search;

      D.  Not to have summary punishment imposed upon him; and

      E.  To receive equal protection under the law.

67.    By reason of the aforesaid conduct by defendants, Plaintiff requests the following relief:

      (a).  compensatory damages;

      (b).  punitive damages;

      (c).  an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

      (d).  any further relief as the Court may find just and proper.

68.    **WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

      (a).  an order awarding compensatory damages in an amount to be determined at trial;

      (b).  an order awarding punitive damages in an amount to be determined at trial;

      (c).  reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

      (d).  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated:  New York, New York
       November 2, 2015

BY: _Robt W. George_
**ROBERT W. GEORGES, ESQ.**
Attorney for Plaintiff
The Woolworth Building
233 Broadway, Suite 1800
New York, N.Y. 10279
Tel (212) 710-5166
Fax (212) 710-5162
rgeorges@georgesesq.com

INDEX NO.                                                                          YEAR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHADIN KANE,

                                     Plaintiffs,

             -against-

THE CITY OF NEW YORK, DET. RUDY LAHENS, Shield No. 2065,
Individually and in his Official Capacity, U/C No. 113, Individually and
In his/her Official Capacity, and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name John Doe being fictitious,
as the true names are presently unknown),

                                    Defendants.

## SUMMONS AND COMPLAINT

## THE LAW OFFICE OF ROBERT W. GEORGES, ESQ

*Attorney for* Plaintiff
*Office and Post Office Address, Telephone*
233 Broadway – Suite 1800
New York, New York 10279
Tel. (212) 710-5166

Signature (Rule 130-1.1a)

Print Name Beneath

To
Attorney(s) for  Defendants

Service of a copy of the within is hereby admitted.          Dated

Attorney(s) for

PLEASE TAKE NOTICE

Q    **NOTICE OF ENTRY**

        that the within is a (certified) true copy of a
        duly entered in the office of the clerk of the within named court on                    20

Q    **NOTICE OF SETTLEMENT**

        that an order                                                        of which the within is a true copy
        will be presented for settlement to the HON.                      one of the judges of the
        within named Court, at
        on                                        20                    at